```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/4/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DUSTY BUTTON and MITCHELL TAYLOR BUTTON,

                       Plaintiffs,

-against-

MADISON JANE BRESHEARS,

                       Defendant.

1:24-cv-03757-MKV

**ORDER DENYING IFP APPLICATIONS AND MOTION TO SEAL**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiffs, proceeding *pro se*, filed applications to proceed *in forma pauperis* ("IFP") in this action. [ECF Nos. 19, 20 ("IFP Applications")]. Plaintiffs also filed a motion to seal an exhibit to their IFP Applications on the grounds that the exhibit contains confidential and personal financial information. [ECF No. 18 ("Mot. Seal")]. For the following reasons, Plaintiffs' IFP Applications and Motion to Seal are DENIED.

## DISCUSSION

### I.    IFP Applications

    Plaintiffs paid the filing fee in this action on May 21, 2024. The primary purpose of IFP status is to permit a plaintiff to proceed without prepayment of the filing fee. *See* 28 U.S.C. §§ 1914, 1915. Accordingly, Plaintiffs' IFP Applications are moot. Even if the Court were to consider Plaintiffs' contention that "they borrowed funds to file their complaint," Mot. Seal 1, a grant of IFP status would do nothing to allow Plaintiffs to recoup those fees.

    To the extent that Plaintiffs request IFP status to receive an exemption of PACER fees, such an exemption is unnecessary because a party receives one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically in a case to which he or she is a party. *See Electronic Public Access Fee Schedule*, United States Courts

(December 31, 2019), https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule. Therefore, Plaintiffs already receive one free copy of all documents filed in this case. Accordingly, Plaintiffs' IFP Applications are DENIED.

## II.    Motion to Seal

The financial information contained in Exhibit C to Plaintiffs' IFP Applications does not justify sealing. The burden of demonstrating that a document should be sealed rests with the party requesting sealing, and that party must overcome the strong presumption in favor of the public's right of access to judicial records. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006); *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). Here, Plaintiffs have not made any showing to justify sealing other than a conclusory assertion that the exhibit "contains Plaintiffs' confidential and personal financial information." Mot. Seal 2. This is insufficient to meet Plaintiffs' burden. "With respect to IFP applications, general concerns over disclosure of financial status have been held insufficient to overcome the presumption of public access." *Wimberly v. Experian Info. Sols.*, No. 1:18-CV-06058-MKV, 2021 WL 1146277, at *1 (S.D.N.Y. Mar. 24, 2021). Courts in this District routinely deny requests to seal IFP applications based on plaintiffs' generalized concerns about the disclosure of their personal financial information or their indigency. *See id.* at *2 ("Plaintiff provides no specific justification to seal his supporting affidavit other than that it 'contains detailed financial information and therefore should not be made public.' This does not overcome the presumption of public access."); *Komatsu v. City of New York*, No. 1:20-CV-6510 (LLS), 2020 WL 8641272, at *1 (S.D.N.Y. Sept. 2, 2020) (denying motion to seal IFP application where its "contents . . . including Plaintiff's references to his receipt of public benefits, employment history and current unemployment, and his state and federal litigation history, are not sufficiently extraordinary to outweigh the presumption in favor of public access"); *Zaerpour v. UBS Grp. AG*, No. 22-CV-7232 (LTS), 2022 WL 7167451, at *1 (S.D.N.Y. Sept. 19,

2022) (denying motion to seal IFP application where "Plaintiff does not state any facts in support of his motion"). Accordingly, Plaintiffs' Motion to Seal is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiffs' IFP Applications are DENIED. Plaintiffs' Motion to Seal Exhibit C to their IFP Applications is DENIED. The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 18.

**SO ORDERED.**

Date:  **October 4, 2024**
      **New York, NY**

_/s/ Mary Kay Vyskocil_
**MARY KAY VYSKOCIL**
**United States District Judge**